FILED

1    SHERYL W. LEICHENGER (SBN 161688)
     sleichenger@selmanbreitman.com
2    TODD R. HAAS (SBN 190868)
     thaas@selmanbreitman.com
3    SELMAN BREITMAN LLP
     550 West "C" Street, Suite 1950
4    San Diego, CA  92101
     Telephone: (619) 564-3600
5    Facsimile:  (619) 564-3636

2010 FEB 12 PM 4:27

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6    Attorneys for Plaintiff and Interpleading Party
     SCOTTSDALE INSURANCE COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   SCOTTSDALE INSURANCE COMPANY, an        CASE NO. **CV10-01090** RSWL (JEMx)
     Ohio corporation,
12                                            **COMPLAINT FOR:**
             Plaintiff and Interpleading Party,
13                                            **(1) DECLARATORY RELIEF; and**
             v.
14                                            **(2) INTERPLEADER**
     THE MILTON H. GREENE ARCHIVES, INC.,
15   an Oregon corporation; THE SONI LAW
     FIRM, an unknown business entity doing
16   business in California; VNU BUSINESS
     MEDIA, INC., a Delaware corporation
17   (erroneously sued in an underlying action as
     BPI Communications); and DOES 1 to 10 ,
18   inclusive,

19           Defendants.

20

21       Plaintiff, SCOTTSDALE INSURANCE COMPANY (hereinafter "Scottsdale") by and

22   through its attorneys of record, SELMAN BREITMAN, LLP, hereby files its Complaint for

23   Declaratory Relief and Interpleader, which states and alleges as follows:

24                            **PARTIES AND JURISDICTION**

25       1.      This is an action for declaratory relief and in the nature of interpleader concerning

26   conflicting claims to insurance proceeds payable by Scottsdale pursuant to a judgment awarded to

27   Milton H. Greene Archives, Inc. in a copyright action against Julien's Auction House, LLC,

28



1

**COMPLAINT FOR DECLARATORY RELIEF AND
INTERPLEADER OF INSURANCE PROCEEDS**

50652.6 380.22040

1   Juliensauction.com, and Darren Julien, entitled Milton H. Green Archives, Inc. v. Julien's Auction

2   House, et al., United States District Court for the Central District of California, Case No. CU 05-

3   7686.

4        2.        This action in interpleader arises under Federal Rule of Civil Procedure, Rule 22

5   and 28 U.S.C. section 1335.

6        3.        This Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332.  The

7   amount in controversy is insurance proceeds in excess of $75,000 and is between citizens of

8   different states.

9        4.        This Court also has jurisdiction under 28 U.S.C. section 1335 as "minimal

10  jurisdiction" exists because two claimants to the insurance proceeds are from different states.

11       5.        Venue is proper in this district under 28 U.S.C. section 1391(a)(2) because the

12  underlying action was tried and judgment entered in this district.  Venue is also proper under 28

13  U.S.C. section 1397 because one or more claimants reside in this district.

14       6.        Plaintiff Scottsdale is a corporation formed and existing under the laws of the State

15  of Ohio with its principal place of business located at 8877 N. Gainey Center Drive, Scottsdale,

16  Arizona 85258.

17       7.        Plaintiff is informed and believes, and on that basis alleges, that defendant Soni

18  Law Firm ("Soni") is a sole proprietorship of Surjit P. Soni, a resident of Pasadena, California

19  with his principal place of business located at 35 N. Lake Avenue, Suite 720, Pasadena, CA

20  91101.  Plaintiff is further informed and believes, and on that basis alleges that defendant Soni

21  Law Firm has acted as counsel for the Milton H. Green Archives, Inc.  Plaintiff is informed and

22  believes, and on that basis alleges, that Soni represented Milton H. Greene Archives, Inc. in

23  United States District Court for the Central District of California, Case No. CV 05-7686 AHM.

24       8.        Plaintiff is informed and believes, and on that basis alleges, that defendant Milton

25  Greene Archives, Inc. ("Greene") is an Oregon corporation whose principal place of business is in

26  West Hollywood, California.

27       9.        Plaintiff is informed and believes, and on that basis alleges, that defendant VNU

28  Business Media, Inc. ("VNU") is a corporation formed and existing under the laws of the State of

Selman Breitman LLP
ATTORNEYS AT LAW

2

**COMPLAINT FOR DECLARATORY RELIEF AND**
**INTERPLEADER OF INSURANCE PROCEEDS**

50652.6 380.22340

1   Delaware, with its principal place of business located at 770 Broadway, 8th Floor, New York,

2   10003. Plaintiff is further informed and believes and on that basis alleges, that defendant VNU

3   has availed itself of the courts of the State of California by filing a notice of lien and/or notice of

4   levy seeking to collect on a judgment awarded against Greene in another action.

5                                   **Underlying Claims**

6                                   (The VNU Action)

7           10.    Scottsdale is informed and believes, and on that basis alleges, that Greene filed suit

8   against VNU Business Media, Inc. (erroneously sued as BPI Communications, Inc.) for

9   infringement of copyright in Case No. CV04-3034DDP ("the VNU Action"). Scottsdale is

10  informed and believes, and on that basis alleges, that on March 8, 2006, judgment was amended

11  and/or entered against Greene, and the United States District Court for the Central District of

12  California awarded BPI Communications, Inc. $765,695.37 in attorneys' fees and costs against

13  Green.

14          11.    Scottsdale is informed and believes, and on that basis alleges, that by letter dated

15  September 22, 2009 from Eric C. Hanson of Cozen O'Connor, counsel for VNU, Scottsdale was

16  informed that VNU is successor in interest to BPI Communications, Inc., and that VNU filed and

17  served a notice of judgment lien in the amount of $795,622.93 on January 18, 2007 in the United

18  States District Court for the Central District of California, Case No. CV05-7686AHM against any

19  recovery by Greene.

20          12.    Scottsdale is informed and believes, and on that basis alleges, that VNU has also

21  filed a writ of execution in the United States District Court for the Central District of California,

22  stating that a Judgment was entered on March 9, 2006 in favor of VNU Business Medica [sic],

23  Inc. (erroneously sued as BPI Communications, Inc.) with VNU as judgment creditor and Milton

24  H. Greene Archives, Inc. as the judgment debtor, with a judgment amount of $765,695.37.

25          13.    Scottsdale is informed and believes, and on that basis alleges, that VNU has also

26  filed a notice of levy under writ of execution (money judgment) in the United States District Court

27  for the Central District of California, stating that total amount necessary to satisfy the judgment

28  creditor's judgment against Milton H. Greene Archives, Inc. is $1,037,637.67. The property to be

Selman Breitman LLP
ATTORNEYS AT LAW

3

**COMPLAINT FOR DECLARATORY RELIEF AND
INTERPLEADER OF INSURANCE PROCEEDS**

1    levied upon is listed as "Attorney fees awarded in Case No. SA CV-04-635 AHS.  Monies held by

2    Scottsdale Insurance Company as insurer for Julien's Auction House."

3                                              (The Greene Action)

4         14.    Greene, through its counsel the Soni Law Firm, brought a copyright infringement

5    lawsuit against (among others) defendants Julien's Auction House, Inc.,

6    JULIENAUCTION.COM, and Darren Julien (collectively "the Julien's Defendants") and

7    defendants Barclay-Butera, Inc. and Barclaybutera.com (collectively "the Barclay-Butera

8    Defendants") on October 27, 2005 in the United States District Court for the Central District of

9    California, Case No. CV05-7686AHM ("the Greene Action").  Scottsdale provided a defense for

10   and paid for attorney's fees and costs for both the Julien's Defendants and the Barclay-Butera

11   Defendants in the *Greene* action.

12        15.    The Greene Action was filed and tried in United States District Court, Central

13   District of California before A. Howard Matz, District Judge.

14        16.    Scottsdale is informed and believes, and on that basis alleges that on February 26,

15   2007, judgment in the Greene Action was entered in favor of Greene and against the Julien's

16   Defendants.  Damages in the amount of $34,875.97 were awarded to Greene against the Julien's

17   Defendants.  No damages were awarded against the Barclay-Butera Defendants.

18        17.    Plaintiff is informed and believes, and on that basis alleges, that on December 20,

19   2007 U.S. District Judge A. Howard Matz ruled on Greene's motion for attorneys' fees.  In its

20   lengthy assessment of Greene's counsel's (The Soni Law Firm) performance, the Court concluded

21   that the attorneys' fees and costs of $752,208.83 sought were inflated and did not reflect the

22   degree of success obtained.  The attorneys' fees and costs sought by Greene was reduced to

23   $338,493.97.  The attorneys' fee award of $338,493.97 and the damages award of $34,875.97

24   constitute the total award to Greene against the Julien's defendants.

25        18.    Plaintiff is informed and believes, and on that basis alleges, that on December 20,

26   2007 U.S. District Judge A. Howard Matz ruled on the Barclay-Butera Defendant's motion for

27   attorneys' fees.  The court again provided a lengthy analysis stating that Greene's counsel had

28   "taken a number of frivolous positions…" and that "Plaintiff's allegations that Barclay willfully

4

Selman Breitman LLP
ATTORNEYS AT LAW

50652.6 380.22340

1  infringed Plaintiff's copyrights was close to frivolous." The court awarded the Barclay-Butera

2  Defendants $202,287.76 in attorneys' fees and cost. ("the Barclay-Butera Judgment").

3      19.    The award in favor of Greene and against the Julien's Defendants of $373,369.94

4  and the award in favor of the Barclay-Butera Defendants and against Greene of $202,287.76

5  constitute the award in the case ("the Greene Award"). The award in favor of Greene and against

6  the Julien's Defendants of $373,369.94 and the award in favor of the Barclay-Butera Defendants

7  and against Greene Archives of $202,287.76 was made and entered on the same date.

8      20.    Plaintiff is informed and believes, and on that basis alleges, that Greene appealed

9  from the final judgment in the Greene Action arguing that its motion for a new trial was

10  improperly denied, that the damages were inadequate, that the permanent junction was improperly

11  denied and that the award of attorneys' fees was improper.

12      21.    Plaintiff is informed and believes, and on that basis alleges, that the United States

13  Court of Appeals for the Ninth Circuit affirmed the district court in all respects, and awarded costs

14  on appeal to the Julien's Defendants and the Barclay-Butera Defendants.

15              (The Barclay-Butera Judgment)

16      22.    Scottsdale paid all of the attorneys' fees relating to the defense of the Barclay-

17  Butera Defendants in the Greene Action, and the Barclay-Butera Defendants are, therefore,

18  equitably subrogated to Scottsdale relating to that portion of the Greene Award that was in favor

19  of the Barclay-Butera Defendants and against Greene in the amount of $202,287.76.

20      23.    Plaintiff is informed and believes, and on that basis alleges, that the Barclay-Butera

21  Defendants are equitably subrogated to Scottsdale relating to all rights of recovery to their

22  attorneys' fees and costs award of $202,287.76 in the Greene Action. Plaintiff is further informed

23  and believes, and on that basis alleges, that Scottsdale and/or the Julien's Defendants seek to use

24  the Barclay-Butera Judgment to offset the Greene Award.

25      24.    Since Scottsdale has agreed to pay the Judgment in favor of Greene and against the

26  Julien's Defendants pursuant to the provisions of its insurance policy and Barclay-Butera is

27  equitably subrogated to Scottsdale (and Scottsdale is entitled to recovery of) the Judgment in favor

28  of the Barclay-Butera Defendants and against Greene, both of which judgments were entered at

Selman Breitman LLP
ATTORNEYS AT LAW

5

1  the same time, in the same case, against and for Greene, and relating to the same facts and

2  circumstances, Scottsdale is entitled to offset of the Barclay-Butera Judgment against the

3  Judgment entered against the Julien's Defendants.

4      25.    As such, and given the unique facts, Scottsdale is entitled to offset the Judgment in

5  favor of the Barclay-Butera Defendants and against Greene, and Scottsdale contends that payment

6  to Greene of the Judgment in favor of Greene and against the Julien's Defendants minus the total

7  amount of the Judgment in favor of the Barclay-Butera Defendants and against Greene (taking into

8  account post-judgment interest and any credits, offsets, costs on appeal, or other amounts) will

9  effect a full and complete satisfaction of the Judgment against the Julien's Defendants relating to

10  the Greene Action.

11                          (The Soni Complaint)

12      26.    By letter dated September 21, 2009, Soni advised that it was claiming that it had an

13  attorney's "charging lien" against the Greene Award which Soni alleges has priority over any

14  judgment liens by VNU or any right to offset by Scottsdale and/or the Barclay-Butera Defendants.

15  Soni further contends that his alleged "charging lien" was a "secret" lien and the "secret charging"

16  lien came into existence before the Greene Action was filed, and that the fees incurred by Soni

17  greatly exceed the amount of the Greene Award.

18      27.    On November 5, 2009 Soni served Scottsdale with a complaint to enforce a

19  "charging lien" and asserted and alleged, without support, an alleged assignment of rights from

20  Greene to recover from Scottsdale the Greene Award. This action is titled *The Soni Law Firm v.*

21  *Julien's Auction House, et al.* and is currently pending in the Superior Court of the State of

22  California for the County of Los Angeles, Case No. BC424531.

23      28.    Upon the filing of the present complaint for interpleader under Federal Rule of

24  Civil Procedure, Rule 22 and 28 U.S.C. section 1335, plaintiff Scottsdale has deposited with the

25  Clerk of the District Court the sum of $400,896.45, which represents the total amount of the

26  Judgment in the Greene Action against the Julien's Defendants, without offset for the Barclay-

27  Butera Judgment. The actual check is deposited with the court, and a true and correct copy of the

28  check is attached hereto as Exhibit "A," and incorporated by reference. Scottsdale is filing

Selman Breitman LLP
ATTORNEYS AT LAW

6

**COMPLAINT FOR DECLARATORY RELIEF AND
INTERPLEADER OF INSURANCE PROCEEDS**

1   concurrently herewith a Notice and Order for Deposit Into Court of the original check.

2       29.      Plaintiff Scottsdale has secured the services of Selman Breitman, LLP to prosecute

3   this declaratory relief and interpleader action and Scottsdale is entitled to recover from defendants

4   its reasonable attorneys' fees and costs of suit which should be reduced and/or deducted by the

5   amount Scottsdale has interpled.

### FIRST CAUSE OF ACTION

#### (Declaratory Relief)

#### (Against All Defendants)

9       30.      Scottsdale incorporates the allegations of paragraphs 1 through 29 above as though

10  set forth fully hereafter.

11      31.      Scottsdale is informed and believes, and on that basis alleges, that defendants Soni,

12  Greene, and VNU (collectively "defendants") are currently making competing demands and

13  claims of offset, or will be making additional competing demands and claims of offset, against the

14  Greene Award and/or the Judgment against the Julien's Defendants.

15      32.      By reason of the conflicting claims being made by defendants, together with the

16  offset for the Barclay-Butera Judgment, Scottsdale is unable to determine the amount to pay and

17  which defendants should be entitled to all, a portion, or none thereof, of the Greene Award.

18  Furthermore, because one or more of the parties is claiming offset against the Greene Award,

19  Scottsdale remains an interested party in any portion of the Greene Award which is subject to

20  offset.

21      33.      An actual controversy has arisen and now exists between Scottsdale and the

22  defendants, and each of them, concerning the payment of the Greene Award, including, but not

23  limited to, the priority of any payments to be made by Scottsdale to defendants and the right of

24  offset against the Greene Award by Scottsdale, Barclay-Butera or defendants, and the defendant's

25  release of all present and future claims or obligations against Scottsdale and the Julien's

26  Defendants.

27      34.      Furthermore, an actual controversy has arisen and now exists between Scottsdale

28  and the defendants, and each of them, concerning the amount of the Greene Award, including, but

Selman Breitman LLP
ATTORNEYS AT LAW

7

**COMPLAINT FOR DECLARATORY RELIEF AND
INTERPLEADER OF INSURANCE PROCEEDS**

1   not limited to, the right of offset against the Greene Award by Scottsdale, Barclay-Butera or

2   defendants, and the defendant's release of all present and future claims or obligations against

3   Scottsdale and the Julien's Defendants, including a full satisfaction of the Judgment entered in the

4   Greene Action against the Julien's Defendants.

5   **SECOND CAUSE OF ACTION**

6   **(Interpleader of Insurance Proceeds)**

7   **(Against All Defendants)**

8   35.   Scottsdale incorporates the allegations of paragraphs 1 through 34 above as though

9   set forth fully hereafter.

10   36.   Scottsdale is informed and believes, and based thereon alleges, that defendants, and

11   each of them, are currently making competing demands, claims, and claims of offset, or will be

12   making additional competing demands, claims, and claims of offset, against the Greene Award.

13   37.   Scottsdale is informed and believes, and based thereon alleges, that the defendants,

14   and each of them contend that they are entitled to receive all, or a portion thereof, of the Greene

15   Award.

16   38.   Scottsdale alleges that the amount payable by Scottsdale pursuant to the Greene

17   Award is insufficient to satisfy all of the competing demands being asserted by and/or another

18   against the Julien's Defendants, VNU, Soni, Greene, and Scottsdale.

19   39.   By reason of the conflicting claims being made by defendants, Scottsdale is unable

20   to determine which of the defendants should be entitled to all, or a portion thereof, of the Greene

21   Award.

22   40.   Scottsdale requests that this court adjudge, declare and/or decree the following:

23       (a)   That an order be issued requiring defendants to interplead their claims for

24       the Greene Award.

25       (b)   That an order be issued restraining each of the defendants from instituting

26       any action against Scottsdale and/or the Julien Defendants for the recovery of the

27       amount payable, or any portion thereof, of the Greene Award.

28       (c)   That an order be issued enjoining the action entitled *The Soni Law Firm v.*

Selman Breitman LLP
ATTORNEYS AT LAW

8

**COMPLAINT FOR DECLARATORY RELIEF AND
INTERPLEADER OF INSURANCE PROCEEDS**

1     *Julien's Auction House, et al.* which is currently pending in the Superior Court of

2     the State of California for the County of Los Angeles, Case No. BC424531.

3     (d)    That an order be issued specifying the amount of offset Scottsdale and/or

4     the Julien's Defendants are entitled to against the Greene Award by virtue of the

5     Barclay-Butera Judgment.

6     (e)    That an order be issued specifying which of the defendants are entitled to all

7     or a portion, or none thereof, of the Greene Archives Award.

8     (f)    That an order be issued specifying what amount must be paid to each of the

9     defendants, if any, out of the Greene Archives Award.

10     **Prayer For Relief**

11     WHEREFORE, Scottsdale prays that the court enter judgment in its favor and against the

12 defendants as follows:

13     1.    For a judicial declaration and court order authorizing Scottsdale and/or the District

14 Court clerk to make payments as the Court directs regarding the Greene Award.

15     2.    For a judicial declaration and court order requiring defendants to interplead their

16 claims for all or a portion of the Greene Award.

17     3.    For a judicial declaration and court order restraining each of the defendants from

18 instituting any action against Scottsdale and/or the Julien's Defendants for the recovery of the

19 amount payable, or any portion thereof, pursuant to the Greene Award.

20     4.    For a judicial declaration and court order staying the action entitled *The Soni Law*

21 *Firm v. Julien's Auction House, et al.* and is currently pending in the Superior Court of the State of

22 California for the County of Los Angeles, Case No. BC424531.

23     5.    For a judicial declaration and court order specifying the amount of offset the

24 Scottsdale and/or the Julien's Defendants are entitled to against the Greene Award.

25     6.    For a judicial declaration and court order specifying which of the defendants are

26 entitled to all or a portion, or none thereof, of the Greene Award.

27     7.    For a judicial declaration and court order specifying what amount must be paid to

28 each of the defendants, if any, out of the Greene Award.

9

**COMPLAINT FOR DECLARATORY RELIEF AND
INTERPLEADER OF INSURANCE PROCEEDS**

1      8.    For a judicial declaration and court order discharging and/or releasing Scottsdale

2  and the Julien's Defendants from any present and future claims or obligations arising from the

3  judgment against the Julien's Defendants in the Greene Action.

4      9.    For a judicial declaration and court order that the Defendants, and each of them are

5  bound by the findings, rulings, and orders of this court.

6      10.   Reasonable attorney's fees and costs for instituting and maintaining this action.

7      11.   For all other and further relief as the court may deem just and proper.

8  DATED:  February 11, 2010      SELMAN BREITMAN LLP

By: _____
        SHERYL W. LEICHENGER
        TODD R. HAAS
      Attorneys for Plaintiff and Interpleading Party
      SCOTTSDALE INSURANCE COMPANY

10

**COMPLAINT FOR DECLARATORY RELIEF AND**
**INTERPLEADER OF INSURANCE PROCEEDS**

50652.6 380.22340

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 1090 RSWL (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>THE MILTON H. GREENE ARCHIVES, INC., an Oregon corporation; (Please see attachment for additional defendants)<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-01090**P Swc (JEMx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): <u>PLEASE SEE ATTACHED LIST OF DEFENDANTS</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Selman Breitman LLP</u>, whose address is <u>550 West C Street, Suite 1950, San Diego, CA 92101</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>2/12/2010</u>

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL          CCD-1A

| PETITIONER/PLAINTIFF:   SCOTTSDALE INSURANCE COMPANY, etc. | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT:   THE MILTON H. GREENE ARCHIVES, Inc., et al. | |

Attachment to Summons:

TO:   DEFENDANTS:   THE MILTON H. GREENE ARCHIVES, INC., an Oregon corporation;
THE SONI LAW FIRM, an unknown business entity doing business in California;
VNU BUSINESS MEDIA, INC., a Delaware corporation (erroneously sued in an
underlying action as BPI Communications) and DOES 1 to 10 , inclusive

Legal
Solutions
Plus

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

SCOTTSDALE INSURANCE COMPANY, an Ohio corporation``

**DEFENDANTS**

THE MILTON H. GREENE ARCHIVES, INC., an Oregon corporation; THE SONI LAW FIRM, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Todd R. Haas
SELMAN BREITMAN LLP
550 West Broadway, Suite 1950
San Diego, CA 92101
(619) 564-2600

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☒5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action for declaratory relief and in the nature of interpleader concerning conflicting claims to insurance proceeds payable by Scottsdale pursuant to a judgment awarded to Milton H. Greene Archives, Inc. in a copyright action entitled Milton H. Greene Archives, Inc. v. Julien's Auction House, et al., USDC, Central District of California, Case No. CU 05-7686. This action in interpleader arises under Federal Rule of Civil Procedure, Rule 22 and 28 U.S.C. section 1335. This Court has diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐400 State Reapportionment | ☒110 Insurance | ☐310 Airplane | ☐370 Other Fraud | ☐510 Motions to Vacate Sentence Habeas Corpus | ☐710 Fair Labor Standards Act |
| ☐410 Antitrust | ☐120 Marine | ☐315 Airplane Product Liability | ☐371 Truth in Lending | ☐530 General | ☐720 Labor/Mgmt. Relations |
| ☐430 Banks and Banking | ☐130 Miller Act | ☐320 Assault, Libel & Slander | ☐380 Other Personal Property Damage | ☐535 Death Penalty | ☐730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐450 Commerce/ICC Rates/etc. | ☐140 Negotiable Instrument | ☐330 Fed. Employers' Liability | ☐385 Property Damage Product Liability | ☐540 Mandamus/ Other | ☐740 Railway Labor Act |
| ☐460 Deportation | ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐340 Marine | **BANKRUPTCY** | ☐550 Civil Rights | ☐790 Other Labor Litigation |
| ☐470 Racketeer Influenced and Corrupt Organizations | ☐151 Medicare Act | ☐345 Marine Product Liability | ☐422 Appeal 28 USC 158 | ☐555 Prison Condition | ☐791 Empl. Ret. Inc. Security Act |
| ☐480 Consumer Credit | ☐152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐350 Motor Vehicle | ☐423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐490 Cable/Sat TV | ☐153 Recovery of Overpayment of Veteran's Benefits | ☐355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐610 Agriculture | ☐820 Copyrights |
| ☐810 Selective Service | | ☐360 Other Personal Injury | ☐441 Voting | ☐620 Other Food & Drug | ☐830 Patent |
| ☐850 Securities/Commodities/ Exchange | ☐160 Stockholders' Suits | ☐362 Personal Injury-Med Malpractice | ☐442 Employment | ☐625 Drug Related Seizure of Property 21 USC 881 | ☐840 Trademark |
| ☐875 Customer Challenge 12 USC 3410 | ☐190 Other Contract | ☐365 Personal Injury-Product Liability | ☐443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐890 Other Statutory Actions | ☐195 Contract Product Liability | ☐368 Asbestos Personal Injury Product Liability | ☐444 Welfare | ☐630 Liquor Laws | ☐861 HIA (1395ff) |
| ☐891 Agricultural Act | ☐196 Franchise | | ☐445 American with Disabilities - Employment | ☐640 R.R. & Truck | ☐862 Black Lung (923) |
| ☐892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐446 American with Disabilities - Other | ☐650 Airline Regs | ☐863 DIWC/DIWW (405(g)) |
| ☐893 Environmental Matters | ☐210 Land Condemnation | ☐462 Naturalization Application | ☐440 Other Civil Rights | ☐660 Occupational Safety/Health | ☐864 SSID Title XVI |
| ☐894 Energy Allocation Act | ☐220 Foreclosure | ☐463 Habeas Corpus-Alien Detainee | | ☐690 Other | ☐865 RSI (405(g)) |
| ☐895 Freedom of Info. Act | ☐230 Rent Lease & Ejectment | ☐465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐240 Torts to Land | | | | ☐870 Taxes (U.S. Plaintiff or Defendant) |
| ☐950 Constitutionality of State Statutes | ☐245 Tort Product Liability | | | | ☐871 IRS - Third Party 26 USC 7609 |
| | ☐290 All Other Real Property | | | | |

CV10-01090

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] No [X] Yes
If yes, list case number(s):  USDC, Central District Case No. CU 05-7686

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- [X] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles (Central District of California); State of Oregon; State of Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Central District of California) | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** TODD B. HAAS, ESQ.    Date February 11, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2